## THE KLATAWA.

(District Court, W. D. Washington, N. D.   May 8, 1920.)

No. 4909.

**1. Collision ☞86—Vessels entering or leaving "narrow channel" to keep to starboard side.**

A vessel entering a narrow channel should approach and enter on the starboard side, leaving ample room for outcoming vessels to pass port to port, and vessels coming out should keep to the starboard side until well clear of the entrance; a "narrow channel" being defined as a body of water navigated up and down in opposite directions, which does not include harbor waters, with piers on each side, where the necessities of commerce require navigation in every conceivable direction.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Narrow Channel.]

**2. Collision ☞102—Mutual fault of power boats meeting in narrow channel.**

The power launches Klatawa and Diamond K, the former entering and the latter passing out from a narrow channel, both *held* in fault for a collision; the Klatawa for not giving a timely signal and for giving a starboard passing signal, and the Diamond K for being on the wrong side of the channel.

In Admiralty. Suit for collision by Louis Birch, owner of the launch Diamond K, against the launch Klatawa, with cross-libel. Decree dividing damages.

Byers & Byers, of Seattle, Wash., for libelant.

James T. Lawler, of Seattle, Wash., for respondent.

NETERER, District Judge. On October 26, 1919, the Diamond K and the launch Klatawa collided in the narrow channel leading from Lake Union to Union Bay. The libelant, as owner, charges the Klatawa with negligence and seeks damages. The owner of the Klatawa, by cross-libel, charges negligence and prays damages.

The Diamond K is a one-man boat, and had no lookout. The Klatawa is a larger boat, and had a lookout. The water in which the vessels collided is a narrow channel, and from the University grounds, from which point the libelant's vessel was approaching, has considerable curvature. The channel is of sufficient width for vessels to freely pass, by each keeping in the fairway. In the channel on the starboard of the Diamond K was a pontoon. The testimony does not

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

disclose the extent or exact location. The Diamond K, on leaving the University grounds, sounded one blast, and took a course at full speed, which is about 6½ miles per hour. Libelant's vessel was going in a westerly direction. At the entrance of the channel, on the south side, are some piles standing in the water the remains of an approach to a bridge, which had extended across the channel, but which is now removed. (See diagram appended).

The Klatawa, approaching the channel, "hugged" the south shore, and entered the channel near the piling of the old bridge, at a speed of about 4 or 4½ miles per hour. Before entering the channel, the Klatawa blew one blast, ported her helm, rounded the curve and the piles at the end of the old bridge approach, and while in this maneuver saw the Diamond K approaching about two points to starboard. She completed the maneuver, and the vessels were nearly end on, and about 70 feet apart. The Klatawa gave one blast and reversed. The Diamond K starboarded her helm, gave one blast, reversed, and ported her helm, and the vessels collided. The master of the Diamond K testifies that he was "going down possibly mid-channel." I am, however, satisfied that he was on his port side of the channel. The cross on the diagram, supra, marks about the point of collision.

A narrow channel is defined as a body of water navigated up and down in opposite directions, and does not include harbor waters, with piers on each side, where the necessities of commerce require navigation in every conceivable direction. The No. 4, 161 Fed. 847, 88 C. C. A. 665; The Rules of the Road at Sea (La Boyteaux) p. 166. Inland rule 25, international rule 25, and pilot rule 10, each provide:

"That in narrow channels every steam vessel shall, when it is safe and practicable, keep to the side of the fairway or midchannel which lies to the starboard side of such vessel."

[1] "When safe and practicable" is intended to cover the reasonable necessities of practical navigation. The Three Brothers, 170 Fed. 48, 95 C. C. A. 322. A vessel intending to enter a narrow channel should so maneuver on approaching the entrance as to leave ample room for outcoming vessels to pass port to port, approaching the channel from the side she must keep after entering; and a vessel leaving a narrow channel should pass out, keeping to its starboard side of the channel, until she is well clear of the entrance, and should not change

her course to port until she is well clear of vessels passing in. The rules of the Road at Sea, supra.

The libelant strenuously insists that the Klatawa was the burdened vessel, and attempted to cross the bow of the Diamond K, whereas she was compelled to keep out of the way, and cites article 19, which provides:

"When two steam vessels are crossing, so as to involve risk of collision, the vessel which has the other on her starboard side shall keep out of the way of the other."

[2] The vessels, as they were approaching, the Diamond K about to leave the channel, the Klatawa entering the channel, the duty of each was to keep in the fairway. The Klatawa was on her starboard side of the channel, and was proceeding with due caution, except that she did not give a timely blast on approaching the channel. The Diamond K moved at full speed in her port side of the channel, and did not take the proper precaution against colliding with vessels entering the channel in the fairway. Rule 19 has no application here under the circumstances disclosed. The Klatawa was negligent in not giving a timely blast on approaching the channel, and in giving a starboard passing signal. There is no testimony to show that the channel on the starboard side of the Diamond K was obstructed to the point of her course in this channel. The Klatawa, under the circumstances disclosed, taking into consideration the curvature of the channel, was not the burdened vessel, and the Diamond K cannot justify, under the rule of "keeping her course and speed," not being in her fairway. She must, at her peril, proceed with due caution.

I think both vessels are at fault, and the damages should be divided. Each party has grossly overestimated his damage. I think $2,250 to libelant and $250 to respondent will compensate each. The libelant is accordingly awarded a decree for $1,000. The sinking of the Diamond K, on removal from her moorings after the collision, was not the fault of the respondent, and no award is made for expense in raising her. Neither party to recover costs.